## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA BRUNNER, | ) | CASE NO. 8:04CV430 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CREDIT MANAGEMENT SERVICES, INC., | ) | |
| f/k/a COLLECTION BUREAU OF GRAND | ) | |
| ISLAND, INC. and DANA KAY FRIES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Credit Management Services, Inc. ("CMS") (Filing No. 30, resubmitted as Filing No. 45 after the filing of the Amended Complaint); the Motion for Summary Judgment filed by Defendant Dana Kay Fries ("Fries")(Filing No. 38, resubmitted as Filing No. 43 after the filing of the Amended Complaint); and CMS's Motion to Supplement Evidence in Support of Motion for Summary Judgment (Filing No. 46).  CMS and Fries submitted briefs and indexes of evidence in support of their motions.

On April 5, 2005, this Court construed CMS's original Motion for Summary Judgment (Filing No. 30) as a motion to dismiss and granted that motion, giving the Plaintiff until April 15, 2005, to amend her Complaint.  The Plaintiff did submit a timely Amended Complaint (Filing No. 41), but she has not responded to either of the Defendants' Motions for Summary Judgment, nor to CMS's Motion to Supplement Evidence.  On June 1, 2005, Plaintiff's counsel filed a letter described as a Status Report (Filing No. 47) informing the Court that the parties "have reached a contingent settlement agreement" and a that a ruling by the Court on the pending motions for summary judgment prior to the final pretrial conference scheduled for June 23, 2005, "would remove the contingencies from the

settlement agreement."  For the reasons stated below, all three pending motions will be granted.

## FACTS

Plaintiff Deborah Brunner ("Deborah") and her husband James Brunner ("James") failed to pay certain bills for medical services rendered to them and their son.  (Filing No. 33, Affidavit of William Wroblewski ("Wroblewski Aff.") ¶ 2).  CMS received four collection accounts concerning the Brunners and sent collection notices to them, but CMS received no response.  (*Id.* ¶¶ 2-3).  CMS filed suit against the Brunners in Custer County, Nebraska; served each of them with process;[1] and obtained a default judgment against them on February 18, 2003, based on their failure to respond.  (*Id.* ¶¶ 4-5, Ex. A, B, C). The Brunners did not appeal.  (Declaration of Dana Kay Fries, Filing No. 39, attachment 1 ("Fries Decl." ¶ 6).

On July 13, 2004, CMS filed garnishments against the employers of James and Deborah, as well as a bank where the couple had previously maintained an account, and Deborah's wages were garnished.  (Wroblewski Aff. ¶ 6, Ex. D). Deborah filed an Objection to Garnishment in Buffalo County, Nebraska, and her objection was overruled and the garnishment ordered to continue.  (*Id.* ¶ 8, Ex. E).  Deborah did not appeal from the order denying her objections to the garnishments.  (Fries Decl. ¶ 10).

On August 3, 2004, Deborah filed suit against CMS and its lawyer Dana Kay Fries in the County Court of Custer County, Nebraska, alleging that the judgment of February 18, 2003, and the collection of the judgment violated the Fair Debt Collection Practices Act

---

[1] CMS asserts that Deborah was served with process by the sheriff on December 16, 2002.  Deborah notes that she was not "personally served" because the complaint was served on James.  The sheriff's return of service (Filing No. 33, Exhibit B) demonstrates that service was effected on Deborah by personal service on James "a person of suitable age and discretion"  at their residence.  Deborah does not dispute that such "residence service" is effective under Nebraska law.  *See* Neb. Rev. Stat. §§ 25-505.01(b) and 25-508.01 (Reissue 1995).

("FDCPA"), 15 U.S.C. § 1692 *et seq.*  (Filing No. 1, Ex. A).  The Defendants removed the action to federal court on September 3, 2004.  (Filing No. 1).

## STANDARD OF REVIEW

The Court must determine whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *U.S. ex rel. Quirk v. Madonna Towers, Inc.,* 278 F.3d 765, 767 (8th Cir. 2002).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323 (quoting Fed. R. Civ. P. 56(c)).  The proponent need not negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* (citations omitted). In addition, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment. . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted) (quoting *Holloway v. Pigman,* 884 F.2d 365, 366 (8th Cir. 1989)).

## DISCUSSION

Deborah's Amended Complaint alleges that the Defendants violated the FDCPA by intentionally miscalculating pre-judgment interest and attorney's fees and by misrepresenting the dates of presentation of the debt. (Amended Complaint, Filing No. 41, ¶ V). As a result of such violations, Deborah alleges that she suffered actual damages in the amount of $14.13, plus prejudgment and post-judgment interest, costs, attorney's fees, and "additional damages" not to exceed $1,000 under 15 U.S.C. § 1692k. (Amended Complaint, ¶ VI).

First, in CMS's Motion to Supplement Evidence, CMS seeks to add Deborah's responses to four interrogatories to the index of evidence before the Court. These responses to interrogatories clarify the fact that Deborah is asserting that Neb. Rev. Stat. § 42-201[2] provides her with some insulation from debt collection procedures, although her Amended Complaint remains vague on that subject. The Motion to Supplement Evidence

---

[2]Neb. Rev. Stat. § 42-201 (Reissue 2004), first enacted in 1871, recognizes the right of married women to maintain separate property, and provides that certain property of a married woman shall be liable for the payment of debts contracted for necessaries furnished to her family, after execution against the husband has been returned unsatisfied. In her Amended Complaint, Deborah asserts that the debt in question was "not totally owed" by her to CMS "under current Nebraska law." *Id.* at paragraph V.a.

4

will be granted, and the Court recognizes that Deborah seeks refuge from part of the debt under the language of § 42-201.

Second, CMS and Fries contend that they are entitled to judgment as a matter of law because (1) the *Rooker-Feldman* doctrine[3] prohibits a federal district court from exercising appellate review of a state court decision, (2) to the extent that Neb. Rev. Stat. § 42-201 is raised by Deborah as a defense to the collection action, the statute is unconstitutional, and (3) her action is barred by the applicable statute of limitations.

By declining to respond to the Defendants' motions for summary judgment, Deborah has failed to meet her burden of coming forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587. CMS and Fries do not bear the burden of negating Deborah's claims or defenses. *Celotex*, 477 U.S. 324-25. Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

CMS and Fries have demonstrated that the CMS collection action was based on a valid judgment (Wroblewski Aff., Ex. C), followed by valid orders of garnishment (*Id.*, Ex. C-D). Deborah's broad allegations in her unverified Amended Complaint are insufficient to demonstrate any genuine issue of material fact for trial. Because *no* competent evidence has been presented in support of Deborah's claims, the Defendants are entitled

---

[3]The *Rooker-Feldman* doctrine presents a jurisdictional bar to general constitutional challenges brought in federal court that are inextricably intertwined with claims asserted in state court. *See, e.g., Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir. 1997), citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

to summary judgment on that basis alone, and the Court will not address the three arguments of law presented by the Defendants in their respective motions.

IT IS ORDERED:

1)    The Defendant Credit Management Services, Inc.'s Motion for Permission to Supplement Evidence (Filing No. 46) is granted;

2)    The Defendant Credit Management Services, Inc.'s resubmitted Motion for Summary Judgment, (Filing No. 45) is granted;

3)    The Defendant Dana Kay Fries's resubmitted Motion for Summary Judgment (Filing No. 43) is granted;

4)    To the extent that the Defendant Fries's earlier Motion for Summary Judgment (Filing No. 38) remains pending, it is denied as moot; and

5)    A separate judgment will be entered.


Dated this 2nd day of June, 2005.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge